ORIGINAL

**014-15**

No. _____

IN THE
COURT OF CRIMINAL APPEALS
FOR THE
STATE OF TEXAS

JASON RAY BOUCHARD, APPELLANT

Vs.

THE STATE OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 20 2015

Abel Acosta, Clerk

PETITION FOR DISCRETIONARY REVIEW
OF THE
14TH COURT OF APPEALS
JUDGEMENT # 14-13-00350-CR
AFFIRMING CONVICTION IN
CAUSE # 1374815
FROM THE 178TH DISTRICT COURT
HARRIS COUNTY, TEXAS

FILED IN
COURT OF CRIMINAL APPEALS

FEB 20 2015

Abel Acosta, Clerk

JASON RAY BOUCHARD
PRO SE
TDCJ # 01852819
TELFORD UNIT
3899 STATE HWY 98
NEW BOSTON, TX 75570

# TABLE OF CONTENTS

COVER

TABLE OF CONTENTS — i

INDEX OF AUTHORITIES — ii

STATEMENT ON ORAL ARGUMENT — 1

STATEMENT OF CASE — 1

STATEMENT OF PROCEDURAL HISTORY — 1

GROUNDS FOR REVIEW — 1

    A) THE COURT OF APPEALS DECISION CONFLICTS WITH OTHER COURT OF APPEALS DECISIONS ON THE SAME ISSUE. TEX. R. APP. P. 66.3(a)

QUESTIONS FOR REVIEW — 2

ARGUMENT — 2

PRAYER — 3

CERTIFICATE OF SERVICE — 3

APPENDIX — 4

# Index of Authorities

#1 Bufkin V. State 207 SW3d 779, 782
Tex. Crim. App. 2006 ———————————— Page 2

#2 Hamel V. State 916 SW2d 491, 493
Tex. Crim. App. 1996 ———————————— Page 2

#3 Hayes V. State 728 SW2d 804, 807
Tex. Crim. App. 1987 ———————————— Page 2

#4 Mata V. State 1411 SW3d 858
Tex. Crim. App. 2004 ———————————— Page 2

# Statutes

#1 Defense of a 3rd Person
Tex. Penal Code § 9.33 ——————— Page 1

#2 Necessity
Tex. Penal Code § 9.22 ——————— Page 1

ii

## STATEMENT ON ORAL ARGUMENT

ORAL ARGUMENT WOULD BE USEFUL TO RESOLVE "WHAT EXACTLY IS SUPPORTING EVIDENCE AND THE MINIMUM THRESHOLD THAT WARRANTS PROPERLY REQUESTED DEFENSIVE JURY INSTRUCTIONS?".

## STATEMENT OF CASE

APPELLANT; JASON RAY BOUCHARD; PRO SE WAS CONVICTED OF CAPITAL MURDER AND SENTENCED TO LIFE WITHOUT PAROLE. THE APPELLANT PROPERLY REQUESTED DEFENSIVE JURY INSTRUCTIONS DURING THE TRIAL. TEXAS PENAL CODE § 9.33 DEFENSE OF A 3RD PERSON AND § 9.22 NECESSITY WERE INTENTIONALLY EXCLUDED FROM THE JURY INSTRUCTIONS.

## STATEMENT OF PROCEDURAL HISTORY OF THE CASE

ON DEC 16, 2014 THE 14TH COURT OF APPEALS AFFIRMED APPELLANT'S JUDGEMENT HOLDING THAT THE TRIAL COURT DID NOT ERR IN FAILING TO INSTRUCT THE JURY ON PROPERLY REQUESTED DEFENSIVE ISSUES BECAUSE APPELLANT DID NOT MEET HIS BURDEN TO ESTABLISH THAT HE WAS ENTITLED TO THE INSTRUCTIONS. EXTENSION FILED VIA MAIL ON 10 JAN. 2015.

## GROUNDS FOR REVIEW

A) THE COURT OF APPEALS DECISION CONFLICTS WITH OTHER COURT OF APPEALS DECISIONS ON THE SAME ISSUES. TEX. R. APP. P. 66.3(a)

PAGE 1

## Questions For Review

1. Is there a scintilla of evidence in:
   A) Appellant admitted acts,
   B) From Aug 2008 - Dec 2009 Appellant's 4 year old daughter, Kaitlyn, claimed multiple rapings,
   C) Appellant stated actions were to protect Kaitlyn due to her age/maturity ~~level~~, considering her point of view and circumstances as the victim of rape,

   that supported the properly requested yet denied defensive jury instructions?

2. Did Court err in making conclusion/exclusion of "why" Appellant did the admitted acts?

3. Have the Courts decided the relative credibility of evidences substituting their judgement on the weight of the evidence for that of the jury?

## Argument In Support Of Reason For Review

For a District Court to justly deny a properly requested jury charge on any defense, there must be absolutely zero evidence in support of defense. "An Accused is entitled to an instruction on every defensive issue raised by the evidence." Hayes V. State 728 SW2d 804, 807. The Appellant admitted acts of the indictment while on the stand. "A defendant's testimony alone is sufficient to raise a defensive issue requiring an instruction in the jury charge." Id. By denying the Appellant's properly requested defensive jury instructions after he admitted acts, the Courts are concluding/excluding "why" Appellant acted. "This (jury instruction's right) is true regardless of whether such evidence is strong, weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of this evidence." Hamel V. State 916 SW2d 491,493

Appellant also testified that from Aug 2008 - Dec 2009 his 4 year old daughter made multiple claims of being raped and that his acts were in her defense. The Courts ignore her maturity level and Appellant's percieved point of view of his young child which supports both "Reasonable Belief" and "Immediacy". This is in error. "Indeed, the Court must view the evidence in the light most favorable to the defendant's submission." Bufkin V. State 207 SW3d 779, 782; and "A person is justified in using deadly force to protect a 3rd person when that 3rd person is threatened by circumstances that would entitle the actor to protect himself." Mata V. State 141 SW3d 858

Page 2

The 14th Court of Appeals offers contradictory evidence to justify the denial of requested jury instructions and that shows they are weighing the evidence and denying the jury the opportunity to do so properly, and again, "THIS IS REGARDLESS OF WHETHER SUCH EVIDENCE IS STRONG, WEAK, UNIMPEACHED OR CONTRADICTED AND REGARDLESS OF WHAT TRIAL COURT MAY THINK ABOUT THE CREDIBILITY OF THIS EVIDENCE." HAMEL V. STATE 916 SW2d 491.

Denying Appellant's requests for defense of a 3rd person and necessity was in error and harmful to Appellant. A defendant is entitled to have a jury that will consider all raised defenses. Trial Court and 14th Court of Appeals judgements must be reversed and the cause must be remanded to the trial court for a new trial.

## PRAYER

Appellant prays this Honorable Court to consider error raised herein, to reverse Appellant's conviction for the offense of Capital Murder and order a new trial as the law and justice demands.

Respectfully Submitted

Jason Ray Bouchard

## CERTIFICATE OF SERVICE

I do hereby certify that on ___6___ day of __FEB__, 2015, a true and correct copy of this petition for Discretionary Review was forwarded by mail to M. Anderson, 1201 Franklin, Suite 600, Houston, TX 77002.

Jason Ray Bouchard

PAGE 3

# APPENDIX

I HAD ONLY TWO ACTUAL COPIES OF THE 14th Court of Appeals "MEMORANDUM OPINION".

ONE WAS SUBMITTED 10 JAN. 2015 WITH THE MOTION FOR 60-DAY EXTENSION; THE OTHER ONE WITH THESE ELEVEN COPIES OF THIS PDR.

LIMITED RESOURCES DICTATE THIS UNFORTUNATE CIRCUMSTANCE AND INCONVEINENCE.

I PRAY THIS DOES NOT DISQUALIFY MY PDR FOR PROPER CONSIDERATION.

RESPECTFULLY,

JASON RAY BOUCHARD
PRO SE
TDCJ# 01852819
TELFORD UNIT
3899 STATE HWY 98
NEW BOSTON, TX 75570

PAGE 4

Affirmed and Memorandum Opinion filed December 16, 2014.

THIS DOCUMENT ONLY!

THIS ONLY COPY SUBMITTED WITH THESE ELEVEN P.D.R.s

PLEASE SEE APPENDIX

In The

## Fourteenth Court of Appeals

### NO. 14-13-00350-CR

### JASON RAY BOUCHARD, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1374815**

## M E M O R A N D U M    O P I N I O N

Jason Bouchard appeals his conviction for the capital murder of Terri Sanvicente. In two issues, which we consolidate into one, appellant challenges the trial court's denial of his requests for jury instructions on the defenses of necessity and on defense of a third person. We hold that the trial court did not err in failing to instruct the jury on those defensive issues because appellant did not meet his

burden to establish that he was entitled to the instructions. We therefore affirm the trial court's judgment.

## BACKGROUND

Appellant and the victim, Terri Sanvicente, had been married. The couple had three children together. The relationship ended in 2007, and during the subsequent custody dispute, their daughter alleged that appellant had sexually abused her.

At trial, appellant testified that he killed Sanvicente because she was the reason their daughter alleged she had been abused. Appellant felt that Sanvicente forced their daughter to make those accusations. Additionally, appellant stated that he was about 90 to 95% certain that Sanvicente had abused their daughter. He also alleged it was possible that Sanvicente allowed someone else to do it. Appellant conceded, however, that he did not believe Sanvicente was molesting their daughter at the time he committed the offense. He testified as follows: "I felt that Terri Sanvicente was a constant threat. Did I believe she was molesting her right then and there on the spot when I went there? No."

Appellant visited both Target and Walmart to select a murder weapon. Appellant decided to purchase a crowbar and a gas can. He traveled toward Sanvicente's home, poured gas on a window in the back of the house, and lit a fire. Appellant then ran to the front of the house, beat on the front door, rang the doorbell three times, and said "Fire, fire, get out, get out." Appellant testified that he then used the crowbar to break the windows of his children's room and alerted them of the fire. Sanvicente came to the front door and opened it. Appellant testified that he struck Sanvicente with the crowbar between fifteen and twenty times, including three two-handed blows to the head as she attempted to crawl away, before relenting because he was fairly certain she was dead.

2

During the charge conference, appellant objected to the court's proposed charge and requested an instruction on defense of a third person and an instruction on the defense of necessity. The court denied both requests on the grounds that there was no evidence presented to the jury that any threat was imminent. Appellant was convicted of capital murder and sentenced to life imprisonment without parole. This appeal followed.

ANALYSIS

## I. The trial court correctly denied appellant's requests for jury instructions on the defenses of necessity and defense of a third person.

Appellant contends that the trial court erred in denying his request for the inclusion of a necessity defense instruction and his request for an instruction on defense of a third person in the jury charge. We hold that the evidence presented by appellant did not entitle him to the inclusion of either instruction.

### A. Standard of review

When reviewing claims of jury charge error, we use a two-step process. First, we determine whether error actually exists in the charge. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Then, if error exists, we determine whether it was harmful using the framework outlined in *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1984). *See Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009).

We review for abuse of discretion a trial court's decision not to include a defensive issue in the jury charge. *Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000). An accused is entitled to an instruction on every defensive issue raised by the evidence. *Hayes v. State*, 728 S.W.2d 804, 807 (Tex. Crim. App. 1987). This is true regardless of whether such evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think

3

about the credibility of this evidence. *Hamel v. State*, 916 S.W.2d 491, 493 (Tex. Crim. App. 1996). Indeed, the court must view the evidence in the light most favorable to the defendant's requested submission. *Bufkin v. State*, 207 S.W.3d 779, 782 (Tex. Crim. App. 2006). A defendant's testimony alone is sufficient to raise a defensive issue requiring an instruction in the jury charge. *Hayes*, 728 S.W.2d at 807.

## B.    Necessity

Section 9.02 of the Texas Penal Code provides that it is a defense to prosecution if the conduct in question is justified under this chapter. Tex. Penal Code Ann. § 9.02 (West 2011). Under the defense of necessity, conduct is justified if (1) the actor reasonably believed the conduct was immediately necessary to avoid imminent harm; (2) the desirability and urgency of avoiding the harm clearly outweighed, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and (3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear. Tex. Penal Code § 9.22 (West 2011). A "reasonable belief" is one that would be held by "an ordinary and prudent man in the same circumstances as the actor." Tex. Penal Code Ann. § 1.07(a)(42) (West 2011).

"'Imminent' means something that is impending, not pending; something that is on the point of happening, not about to happen." *Schier v. State*, 60 S.W.3d 340, 343 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). "An 'imminent harm' occurs when there is an emergency situation and it is 'immediately necessary' to avoid that harm, when a split-second decision is required without time to consider the law." *Id.* A defendant's belief that conduct was immediately necessary to avoid imminent harm may be deemed unreasonable as a matter of law if undisputed facts demonstrate a complete absence of evidence of immediate

4

necessity or imminent harm. *Arnwine v. State*, 20 S.W.3d 155, 159 (Tex. App.—Texarkana 2000, no pet).

## C.  Defense of third person

In defending a third person, the use of deadly force against another is justified if the actor would be justified in using deadly force to protect himself against the unlawful deadly force he reasonably believes to be threatening the third person; and the actor reasonably believes that his intervention is immediately necessary to protect the third person. Tex. Penal Code Ann. § 9.33 (West 2011); *see also id.* §§ 9.31, 9.32.

## D.  Because there is no evidence of a reasonable belief that action was immediately necessary, appellant was not entitled to either instruction.

Given the overlap between the two defenses raised by appellant, we address them together. Both defenses share the common elements of "reasonable belief" and "immediate necessity." In this case, there is no evidence in the record that appellant's conduct was immediately necessary to avoid imminent harm. Moreover, as detailed above, appellant's testimony reveals that he did not believe his daughter was being sexually abused at the time he committed the offense. Accordingly, appellant was not entitled to either defensive instruction. Because we hold that there was no evidence to suggest that appellant reasonably believed his conduct was immediately necessary, we need not address the other elements of the defenses. We overrule appellant's two issues.

## CONCLUSION

Having overruled appellant's issues, we affirm the trial court's judgment.

/s/    J. Brett Busby
        Justice

Panel consists of Justices Boyce, Busby, and Wise.

Do Not Publish — TEX. R. APP. P. 47.2(b).